***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Argued and submitted March 23, 2022, affirmed February 1, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHRISTOPHER HOLLOWAY,
*Defendant-Appellant.*

Yamhill County Circuit Court
19CR30089; A172616

Cynthia L. Easterday, Judge.

Francis C. Gieringer, Deputy Public Defender, argued the cause for appellant. Also on the briefs were Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Doug M. Petrina, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General.

Before Mooney, Presiding Judge, and Lagesen, Chief Judge, and Kistler, Senior Judge.

MOONEY, P. J.

Affirmed.

**MOONEY, P. J.**

Defendant appeals from a judgment of conviction for fourth-degree assault constituting domestic violence. ORS 163.160; ORS 132.586.[1] He assigns error to the trial court's (1) denial of his motion for mistrial, and (2) failure to instruct the jury that it must concur on the factual occurrence supporting a conviction for fourth-degree assault. For the reasons that follow, we conclude that the court did not abuse its discretion in denying the motion for mistrial and, therefore, we reject the first assignment. We reject defendant's second assignment without further discussion, noting only that the asserted error was neither preserved nor plain. We affirm.

We provide the following limited description of the facts underlying the assault charge, as well as significant procedural events that occurred during trial, to explain our decision to counsel, the parties, and the trial court. Defendant and his domestic partner, E, split a bottle of tequila on the day in question. By the time they finished the bottle, they were both intoxicated. They argued about whether to go to a bar, and the argument became physical. Defendant twice placed E in a bear hug and, at one point, pinned part of her body against a wall. At trial, E testified that she thought that something like the charged incident "would have happened eventually between" her and defendant, and she referred to the escalating nature of their arguments. Defendant objected and moved the court for an order striking that testimony from the record and for an order declaring a mistrial, arguing that E's testimony amounted to impermissible and prejudicial character evidence. The court sustained the objection to the testimony, struck it

---

[1] ORS 163.160 provides, in part:

"(1) A person commits the crime of assault in the fourth degree if the person:

"(a) Intentionally, knowingly or recklessly causes physical injury to another[.]"

ORS 132.586(2) provides:

"When a crime involves domestic violence, the accusatory instrument may plead, and the prosecution may prove at trial, domestic violence as an element of the crime. When a crime is so pleaded, the words 'constituting domestic violence' may be added to the title of the crime."

from the record, and provided a limiting instruction for the jury. It denied defendant's motion for a mistrial.

Our review is for abuse of discretion and, unless "defendant was denied a fair trial," we will affirm the court's decision not to declare a mistrial. *State v. Hunt*, 297 Or App 597, 600, 442 P3d 232 (2019). To determine whether a trial court abused its discretion, we consider (1) the degree to which the defendant was prejudiced by the alleged error, (2) whether the prejudice was ameliorated by an appropriate jury instruction, and (3) whether the alleged error was sufficiently isolated so as to not compromise the fairness of the trial. *Id.*

To discern the degree of prejudice, we review the objectionable testimony in context, beginning with the series of questions and answers that preceded that testimony along with the redirect examination question that elicited the testimony to which defendant objected.

Defense counsel elicited the following testimony when he cross-examined E:

"Q.   You said, do you recall [defendant] trying to calm you down during this event?

"A.   I don't recall. It was just a lot of just, we would do that, just always butt heads. We never agreed on anything, and he is not very good at calming—

"Q.   Okay.

"A.   —down so.

"Q.   So adding tequila to the mix did not calm the situation?

"A.   Absolutely not.

"Q.   It aggravated the situation probably exponentially?

"A.   Yes.

"Q.   Okay.

"A.   But—

"Q.   Okay. There are no questions in front of you.

"A.   Okay."

The following discussion occurred when the prosecutor examined E on redirect:

"Q.    You were testifying about how this incident in response to [defense counsel's] question exaggerated exponentially you agreed, but had a but to that. Was there something you wanted to add to that response?

"A.    Outside of this incident, I believe that it would have happened eventually between [us]. We were arguing to the point it would happen—"

Defendant objected to the statement that "it would have happened eventually between [us]" as improper "character" evidence. In defendant's view, that testimony invited the jury to infer that defendant was "becoming increasingly violent with E" and that, although E had no memory of the assault in question, it was inevitable based on that escalating history between them. Thus, the assault that E could not recall likely did occur. The trial court sustained defendant's objection to the testimony, ordered it stricken from the record, and gave this limiting instruction to the jury:

"[THE COURT]:    Okay. The objection was sustained. The answer is stricken. The mistrial, the request for mistrial is denied. The jury is not to draw any inferences about what [E] meant or speculated."

Prejudice is minimal in cases where a statement "is made inadvertently, only once, and in passing." *State v. Woodall*, 259 Or App 67, 75, 313 P3d 298 (2013). And we presume that juries will follow a court's instructions unless there is an "overwhelming probability" that the jury is incapable of doing so. *State v. Garrison*, 266 Or App 749, 757, 340 P3d 49 (2014), *rev den*, 356 Or 837 (2015). Here, the testimony that "it would have happened eventually" was a vague statement inadvertently elicited from the witness, and it was mentioned only once. It is not altogether clear that the testimony actually given by E constituted "character" evidence. But, assuming without deciding that it was, we nevertheless conclude that the potential prejudicial effect of the stricken testimony was low and that any prejudice was ameliorated by the court's limiting instruction. The trial court did not abuse its discretion when it denied defendant's motion for mistrial.

Affirmed.